IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

REBECCA WORKMAN,

    Plaintiff,

v.                                            Civil Action No. 2:17-03972

WAL-MART STORES EAST, LP

    Defendant.

## NOTICE OF REMOVAL

TO:   Mark McGrew, Circuit Clerk
        Logan County Courthouse
        300 Stratton Street
        Logan, WV 25601

        Steven S. Wolfe, Esq.
        J. Christopher White, Esq.
        Wolfe, White & Associates, PLLC
        116 Stratton Street
        P.O. Box 536
        Logan, WV 25601

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, you are hereby notified that the Defendant, Wal-Mart Stores East, LP, a limited partnership, has removed the above-captioned case from the Circuit Court of Logan County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division. In support of its Notice of Removal, the Defendant states as follows:

## BACKGROUND

1.     On or about August 9, 2017, the Plaintiff Rebecca Workman filed a Complaint in the Circuit Court of Logan County, West Virginia, Civil Action No. 17-C-227.

2.     The Defendant, Wal-Mart Stores East, LP, a limited partnership, was served with the Complaint via certified mail on or about August 14, 2017.

3. The Complaint alleges that the Plaintiff Rebecca Workman slipped and fell on water accumulated on the floor while she was on the premises of the Defendant's store, resulting in personal injuries to the Plaintiff. (Compl. ¶¶4–5). As a result of the alleged incident, the Plaintiff Rebecca Workman alleges that she endured physical and mental pain and suffering. (Compl. ¶6). The Plaintiff Rebecca Workman seeks compensatory damages, pain and suffering, post-accident terror, aggravation, annoyance and inconvenience, pre-judgment and post-judgment interest, and court costs.. (Compl. "Wherefore" Clause).

## THE PARTIES

4. The Plaintiff Rebecca Workman resides in Logan County, West Virginia. (Compl. ¶1)

5. The Defendant Wal-Mart Stores East, LP, is a limited partnership registered in the State of Delaware. Wal-Mart Stores East, LP, was not at the time of the commencement of this action, nor has it ever been, a citizen of the State of West Virginia. Wal-Mart Stores East, LP, conducts business in Logan, Logan County, West Virginia, and neither its president nor chief officer resides in West Virginia.

## BASIS OF REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and this civil action may be removed to this Court by the Defendant pursuant to the provisions of U.S.C. § 1441 because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Both the Plaintiff and the Defendant are citizens of different states.

8. Although the Plaintiff did not specifically plead an amount of damages in the Complaint, this case may be removed because it is facially apparent from the Complaint that the Plaintiff seeks damages in excess of $75,000.00.

9. "A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by the preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Ashworth v. Albers Medical, Inc., et al.*, 395 F. Supp 2d, 395, 413 (S.D. W. Va. 2005). The jurisdictional minimum may be satisfied by claims of compensatory damages, attorney's fees, and punitive damages. *Id.* at 413-414.

10. In the present case, the Plaintiff seeks damages arising out of an incident wherein the Plaintiff Rebecca Workman slipped and fell on water accumulated on the floor while she was on the premises of the Defendant's store, resulting in personal injuries to the Plaintiff. (Compl. ¶¶4–5). As a result of the alleged incident, the Plaintiff Rebecca Workman alleges that she endured physical and mental pain and suffering. (Compl. ¶6). The Plaintiff Rebecca Workman seeks compensatory damages, pain and suffering, post-accident terror, aggravation, annoyance and inconvenience, pre-judgment and post-judgment interest, and court costs.. (Compl. "Wherefore" Clause). The Plaintiff also contends she has incurred medical expenses, mental aguish, pain and suffering, and a loss of capacity to enjoy life. (Compl. ¶6).

11. Under West Virginia law, the Plaintiff's recovery is theoretically unlimited and only a binding stipulation that the Plaintiff will not seek nor accept more than $75,000.00 could limit recovery. See *Hicks v. Herbert*, 122 F.Supp2d 699 (S.D.W.Va. 2000). The Plaintiff's Complaint contains no such stipulation.

12. Moreover, on August 28, 2017, counsel for the Defendant corresponded with Plaintiff's counsel in an attempt to secure a stipulation that the case had no value in excess of $75,000.00. (*See* Exhibit A). On September 11, 2017, the Plaintiff's counsel verbally advised the undersigned via telephone that the Plaintiff would not stipulate as to damages in this matter.

13. Therefore, without conceding that the Plaintiff is entitled to any damages, which is expressly denied by the Defendant, it is facially apparent by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. If the Court for any reason is inclined to disagree, the Defendant respectfully requests the opportunity to conduct jurisdictional discovery to confirm the amount in controversy.

14. As required by 28 U.S.C. §1446(b), this Notice of Removal is filed with this Court within thirty (30) days of receipt of the Complaint by the Defendant and, as such, this Notice of Removal has been timely filed.

15. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon the Plaintiff, by and through her attorney of record, and upon the Clerk of the Circuit Court of Logan County, West Virginia.

15. Copies of all process, pleadings, and orders received by the Defendant in the Circuit Court of Logan County, West Virginia, Civil Action Number 17-C-227, are attached hereto and incorporated herein as Exhibit B.

16. Pursuant to Local Rule of Civil Procedure 3.4(b), a copy of the Circuit Court of Logan County, West Virginia, Civil Action No. 17-C-227 docket sheet is attached hereto as Exhibit C.

WHEREFORE, the Defendant, Wal-Mart Stores East, LP, a foreign limited partnership, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by the law, and that the Circuit Court of Logan County, West Virginia, proceed no further in the proceedings. The Defendant further demands that the trial of this matter in federal court be heard by a jury.

        WAL-MART STORES EAST, LP,
        By Counsel

/s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

REBECCA WORKMAN,

    Plaintiff,

v.                                 Civil Action No.  2:17-03972

WAL-MART STORES EAST, LP

    Defendant.

## CERTIFICATE OF SERVICE

I, Heather M. Noel, do hereby certify that on the September 12, 2017, a true copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Steven S. Wolfe, Esq.
J. Christopher White, Esq.
Wolfe, White & Associates, PLLC
116 Stratton Street
P.O. Box 536
Logan, WV 25601
*Counsel for Plaintiff*

    /s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com