IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

REBECCA WORKMAN

           Plaintiff,

v.                                                     CIVIL ACTION NO. 2:17-cv-03972

WAL-MART STORES EAST, LP,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Remand and Abstention. (ECF No. 5.) For the reasons discussed below, the Court **GRANTS** the motion and **REMANDS** this case to the Circuit Court of Logan County, West Virginia.

*I. BACKGROUND*

This case arises out of an injury Plaintiff allegedly suffered at one of Defendant's stores in Logan County, West Virginia. (ECF No. 1-2 at 3 ¶ 5.) Plaintiff is a resident of West Virginia, (*id.* ¶ 1), and Defendant is a limited partnership existing under the laws of Delaware with its principal place of business in Arkansas. (ECF No. 1 at 2 ¶ 5). The Complaint filed in state court and attached to Defendant's Notice of Removal alleges that on July 6, 2017, Plaintiff was a customer at Defendant's store when she slipped and fell on water that had accumulated on the floor inside. (ECF No. 1-2 at 3 ¶ 5.) Plaintiff alleges that she "occurred [sic; incurred] medical expenses, suffered mental anguish, and endured pain and suffering," and will require "future medical expenses, endure physical and mental pain and suffering and a loss of capacity to enjoy life." (*Id.*

1

¶ 6.)  Plaintiff asserts negligence as the sole cause of action and requests relief in the forms of "compensatory damages, pain and suffering, post-accident terror, aggravation, annoyance [and] inconvenience, pre-judgment interest, post-judgment interest, court costs and any other legal relief that may be available." (*Id.* at 3–4 ¶¶ 5–7.)

Plaintiff filed her Complaint in the Circuit Court of Logan County, West Virginia, on August 9, 2017. (ECF No. 1-2; ECF No. 1 at 1 ¶ 1.) Defendant removed the case to this Court on September 12, 2017. (ECF No. 1.) In the Notice of Removal, Defendant asserts that the sole basis for this Court's subject-matter jurisdiction over this case is diversity pursuant to 28 U.S.C. § 1332. (*See id.* at 2 ¶ 6.)

Plaintiff filed the current Motion for Remand and Abstention on September 20, 2017, in which she argues that this Court lacks subject-matter jurisdiction over the matter because the amount in controversy is below the $75,000 requirement for diversity jurisdiction. (*See* ECF No. 6 at 2–3.) Defendant filed its response to the motion on September 27, 2017, (ECF No. 7), and Plaintiff replied on October 9, 2017, (ECF No. 8). The motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)).

The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "This test is framed alternatively as a requirement that a defendant demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Id.* (citation omitted). "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000," *Judy v. JK Harris & Co.*, No. 2:10–cv–01276, 2011 WL 4499316, at *3 (S.D. W. Va. Sept. 27, 2011) (citation omitted), and must supply evidence regarding the amount at issue. *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001). "In so doing, he may rely upon the entirety of the facts and circumstances comprising the plaintiff's damages claim." *Judy*, 147 F. Supp. 2d at 489 (citation omitted).

Where the plaintiff's monetary demand is not specified in the complaint, "[t]he value of

the matter in controversy . . . is determined by considering the judgment that would be entered if plaintiff prevailed on the merits." *Landmark Corp.*, 945 F. Supp. at 936–37 (citation omitted). To calculate the amount in controversy, a court may consider the entire record and make an independent evaluation of whether the amount in controversy is satisfied. *See Grubb v. Jos. A. Bank Clothiers, Inc.*, No. 2:05-0056, 2005 WL 1378721, at *5 (S.D. W. Va. June 2, 2005) (citation omitted).

### III. DISCUSSION

The sole dispute between the parties as to this motion is whether the Court has diversity jurisdiction over this matter. (*See* ECF No. 6 at 2–3; ECF No. 7 at 6–9.) Defendant asserts—and Plaintiff does not contest—that there is complete diversity between the parties. (*See* ECF No. 1 at 2; ECF No. 6 at 1–2.) Rather, the parties dispute whether the amount in controversy exceeds $75,000 and what burden Defendant faces in proving that fact. (*See* ECF No. 6; ECF No. 7; ECF No. 8.)

Plaintiff does not specify an amount for the damages that she seeks in the Complaint. (*See* ECF No. 1-2 at 3–4.) Defendant claims in its Notice of Removal that it is "facially apparent from the Complaint" the amount in controversy exceeds $75,000 because Plaintiff is seeking compensatory damages, pain and suffering, past and future medical expenses, and loss of enjoyment of life. (*See* ECF No. 1 at 3 ¶ 10; ECF No. 7 at 6.) Defendant further argues that Plaintiff's refusal to stipulate that she seeks less than that amount is also proof that the amount in controversy exceeds $75,000. (*See* ECF No. 1 at 3–4.)

Based on the record, the Court finds that Defendant has not met its burden of establishing that the amount sought by Plaintiff is in excess of $75,000. First, Defendant incorrectly states that the burden of proof required to establish that the amount in controversy exceeds the jurisdictional

amount is legal certainty. (*See* ECF No. 7 at 1–6.) As provided above, this Court has stated that a defendant seeking to remove "a case from state court in which the damages are unspecified must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)); *see also Parsons v. Scotts Co. LLC*, No. 2:177-cv-3588, 2017 WL 4767191, at *2 (S.D. W. Va. Oct. 20, 2017); *Crookshanks v. Healthport Tech., LLC*, No. 2:16-cv-3508, 2016 WL 4099296, at * 2 (S.D. W. Va. Aug. 2, 2016).

Second, to meet the preponderance of evidence burden, a defendant cannot simply allege that Plaintiff's claims exceed the amount in controversy requirement, but must supply evidence. *See Scaralto v. Ferrel*, 826 F. Supp. 2d 960, 963 (S.D. W. Va. 2011) (citing *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d. 481, 489 (S.D. W. Va. 2011)). Here, Defendant merely restates the factual allegations in the Complaint and asserts that Plaintiff's claims exceed the jurisdictional amount. This is purely speculative. (*See* ECF No. 1 at 3 ¶¶ 10–11.) Defendant provides no supporting evidence and only offers conclusory statements to support its position. Defendant "cannot meet its burden by simply alleging the presence of a sum in excess of the jurisdictional amount, but "must supply evidence." *See Scaralto*, 826 F. Supp. 2d at 963 (citing *Sayre v. Potts*, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999). Without such evidence, Defendant's claim that the amount in controversy exceeds the jurisdictional amount is purely speculative. Furthermore, Plaintiff's refusal to sign a binding stipulation limiting damages to less than the amount of $75,000 as proof that the amount in controversy exceeds the jurisdictional minimum does not establish that the amount in controversy actually exceeds the jurisdictional requirement. *See Shambach v. Fed. Ins. Co.*, No. 505CV98, 2005 WL 3079108, at *2 (N.D. W. Va. Nov. 15, 2005) ("While the plaintiffs' willingness to sign a binding, pre-removal stipulation limiting damages may be probative in

showing a claim does not amount to the jurisdictional minimum, the refusal to sign such a claim does not establish the required amount in controversy."); *see also Bank of Charles Town v. Encompass Ins.*, No. 3:10-CV-102, 2010 WL 4806884, at *3 (N.D. W. Va. Nov. 18, 2010) (citing *Shambach*, 2005 WL 3079108, at *2).

Lastly, the Court denies Defendant's request to conduct jurisdictional discovery as to the amount in controversy. This discovery is more appropriately conducted while the case is pending in the state court. Should it become apparent within one year that the case is removable, Defendant remains free to file notice of removal. *See Christopher v. Miller*, No. 5:16CV188, 2017 WL 462010, at *3 (N.D. W. Va. Feb. 2, 2017) ("This Court also denies the defendants' request to conduct jurisdictional discovery . . . . [T]his discovery is more appropriate in state court. Further nothing prevents the defendants from filing a second notice of removal should the case become removable within one year."); *see also Antal v. State Farm Mut. Ins. Co.*, No. 5:15CV36, 2015 WL 2412358 at *3–4 (N.D. W. Va. May 20, 2015) (holding that due to the speculative nature of defendant's proof about the amount in controversy the court would not discretionarily grant discovery); *O'Brien v. Falcon Drilling Co. LLC*, No. 5:15CV13, 2015 WL 1588246, at * 6–7 (N.D. W. Va. Apr. 9, 2015) ("Thus, given this Court's finding as to the speculative nature of the current notice of removal, this Court would not have discretionarily granted discovery if such a direction was found to be applicable to this Court.")

IV. CONCLUSION

For the reasons set forth above, the Court finds that it does not have diversity jurisdiction over this matter as the amount in controversy does not exceed $75,000. Therefore the motion to remand is **GRANTED**, (ECF No. 5), and this matter is hereby **REMANDED** to the Circuit Court of Logan Count, West Virginia. The Court further **DIRECTS** the Clerk to remove this matter

from the Court's docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       December 22, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE